UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEVA STORES LLC,

    Plaintiff,

v.

GOFIT LLC,

    Defendant.

_____/

Case No. 4:23-cv-10717
District Judge Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

# REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT JUDGMENT (ECF No. 13)[1]

## I.    Introduction

This is a contract action regarding an alleged failure to indemnify. Aleva Stores, LLC (Aleva) has sued GoFit LLC (GoFit) seeking reimbursement of $183,973.94 that Aleva incurred defending and resolving claims brought by plaintiffs claiming injuries due to GoFit's allegedly defective exercise bands. Aleva says that GoFit has breached its contractual indemnification obligations. (ECF No. 5, PageID.46-47). As will be explained, the Clerk entered a default judgment against GoFit in the claimed amount. Before the Court is GoFit's motion

---

[1] A motion to set aside a judgment is a dispositive matter that the undersigned must address with a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B).

to set aside the Clerk's Entry of Default Judgment under Federal Rule of Civil Procedure 60. (ECF No. 13). The motion is fully briefed, (ECF Nos. 14, 15), and has been referred to the undersigned for determination under 28 U.S.C. § 636(b)(1)(A), (ECF No. 16).

For the reasons that follow, the undersigned RECOMMENDS that GoFit's motion to set aside the Clerk's Entry of Default Judgment be GRANTED.

## II. Procedural History

Aleva filed its complaint on March 28, 2023 (ECF No. 1) which was amended on April 11, 2023. (ECF No. 5). A summons was issued for GoFit on April 25, 2023. (ECF No. 7). The summons was returned as executed with GoFit being served on May 1, 2023, with its answer due on May 22, 2023. (ECF No. 8). On May 30, 2023, with GoFit having not filed an answer, Aleva requested a Clerk's Entry of Default, (ECF No. 9), which was granted the following day, (ECF No. 10). Aleva then requested a Clerk's Entry of Judgment by Default in the amount of $183,973.94. (ECF No. 11). The Clerk entered the judgment on June 5, 2023. (ECF No. 12). On August 3, 2023, GoFit filed the instant motion. (ECF No. 13).

## III. Legal Standard

Under Fed. Rule. Civ. P. 55(a), when a party has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk

2

must enter the party's default." However, "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). In the Sixth Circuit, three factors are relevant to determining whether the moving party had good cause: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Krowtoh II LLC v. ExCelsius Int'l Ltd.*, 330 F. App'x 530, 534 (6th Cir. 2009) (quotation marks and citation omitted).

These factors also apply to a Rule 60(b) motion to set aside entry of a judgment by default. *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983).

IV. Discussion

A. Background

Aleva says that due to the settlement agreement in an underlying matter, *Thomas Schwabe, et al. v. Amazon.com, Inc. et al.*, Case No. 20STCV32905 in the Superior Court of the State of California, Los Angeles County, Aleva was required to indemnify Amazon, Inc. in the amount of $161,327.24. (ECF No. 5, PageID.50-53).[2] Additionally, Aleva incurred $22,646.70 in attorneys' fees in that case. (*Id.*). Aleva then sued GoFit for indemnification of these amounts. (*Id.*).

---

[2] Aleva also paid $100,000.00 to the plaintiff in that matter as part of the settlement; Aleva does not seek indemnification of this amount from GoFit. (ECF No. 13-12).

3

Before bringing suit, Aleva and GoFit had discussed GoFit's indemnification of Aleva for its litigation losses. On June 9, 2021, Aleva emailed GoFit "following up on" a June 4, 2021 correspondence and requesting confirmation that GoFit would indemnify Aleva's losses. (ECF No. 14-5, PageID.270-271). GoFit responded via email on June 14, 2021 that the request had been forwarded to GoFit's insurance carrier and that coverage letters would "hopefully . . . be going out soon." (*Id.*, PageID.269-270). Aleva replied two days later, stating that the coverage letters were "largely irrelevant to [its] demand" and requesting confirmation again that GoFit would indemnify Aleva's losses, "regardless as to any insurance coverage." (ECF No. 14-4, PageID.264-265). Aleva emailed again on July 7, 2021, requesting an update on the status of the coverage letters. (ECF No. 14-5, PageID.268). GoFit responded that day that it had requested immediate action from its insurer and would "let [Aleva] know as soon as [GoFit] hear[d] back." (*Id.*, PageID.267).

Communications recommenced in January 2023, when Aleva sent GoFit a demand letter for its indemnification obligations. (ECF No. 14-7). GoFit responded in February 2023, explaining the delay was due to a new adjuster being assigned to the matter with its insurer. (ECF No. 14-8).

Aleva filed this case on March 28, 2023, (ECF No. 1), but remained open to settlement. *See* ECF No. 14-11. GoFit requested a copy of the settlement

4

agreement and Aleva's agreement with Amazon, Inc., (ECF No. 14-11), and Aleva provided its Amazon, Inc. invoices, (ECF No. 14-9), and communications with Amazon, Inc., (ECF No. 14-10), to GoFit. Aleva also asked that GoFit waive service in this matter, (ECF No. 14-12), which GoFit declined, (ECF No. 14-15).

### B. Parties' Positions

Aleva argues that GoFit's pre-litigation delays in payment, plus its failure to answer or otherwise respond to the complaint, demonstrate a culpable lack of diligence that has prejudiced Aleva in recouping its litigation losses.

GoFit sees it differently, noting that it has still not received "the necessary information . . . to evaluate [Aleva's] request for indemnity" (ECF No. 15, PageID.337) and that GoFit has cooperated in this litigation by providing the citizenship status of its members in response to the Court's Order to Show Cause on Aleva, (ECF No. 13-10). GoFit requests that the Court set aside the Clerk's default against it, saying that its failure to file a timely response or answer to the complaint was due to inadvertence, surprise, and/or misrepresentation. (ECF No. 13, PageID.105-106).

### C. Application of the Factors

#### 1. Culpability

Addressing first the issue of culpability, GoFit argues that it has been "clear and forthcoming with respect to its position regarding Aleva's request for

indemnification" at all times. (ECF No. 13, PageID.106). As to its obligation to indemnify Aleva's losses, GoFit informed Aleva in June 2021 that it "intend[ed] to and will honor any of its contractual obligations that *may* arise under the [Agreement], including the obligation to indemnify Aleva under Section 11." (ECF No. 13, PageID.107 (quoting ECF No. 13-15, PageID.182, June 18, 2021 correspondence) (emphasis in brief)). GoFit says that "[f]ar from being a blanket admission," this email indicates that GoFit was working with its insurance provider to satisfy Aleva's demands and that it needed more information in order to process the payment. *See* ECF No. 13-15.

Although Aleva seeks to hold these delays against GoFit, culpability is shown by "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010) (internal quotation marks and citation omitted). GoFit's pre-litigation conduct, which the parties disagree about the nature of, is not relevant here. Further, "[i]t is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable." *Id*. (internal quotation marks and citation omitted). Under Rule 55(c), "mere negligence or failure to act reasonably is not enough to sustain a default." *Id*.

6

To be sure, GoFit had notice of the pending suit against it and failed to respond by the deadline. However, GoFit also cooperated with Aleva early in this suit, providing Aleva with the citizenship of its members so that Aleva could demonstrate complete diversity of the parties. *See* ECF Nos. 4, 5. Given the high standard for a default, GoFit's failure to timely respond to the complaint, without more, does not establish culpability.

2.    Meritorious Defense

The second factor is whether the movant has a meritorious defense. The Sixth Circuit has stated that "a defense is meritorious if it is 'good at law,' regardless of whether the defense is actually likely to succeed on the merits." *$22,050.00 U.S. Currency*, 595 F.3d at 326 (quoting *Williams v. Meyer,* 346 F.3d 607, 614 (6th Cir. 2003)). Additionally, a defense will satisfy this burden if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id*. (quoting *Burrell v. Henderson,* 434 F.3d 826, 834 (6th Cir. 2006)).

The indemnification agreement between Aleva and GoFit reads as follows:

**11. <u>Indemnification</u>**

Except to the extent paid in settlement from any applicable insurance policies, and to the extent permitted by applicable law, each Party (the indemnifying party) agrees to indemnify and hold harmless the other Party, and its respective directors, stockholders, affiliates, officers, agents, employees, and permitted successors and assigns against any and all claims, losses, damages, liabilities, penalties, punitive damages,

7

> expenses, reasonable legal fees and costs of an kind of amount whatsoever, which result from or arise out of any act or omission of the indemnifying party, its respective directors, stockholders, affiliates, officers, agents, employees, and permitted successors and assigns that occur in connection with this Agreement. This indemnification will survive the termination of this Agreement.

(ECF No. 13-4, PageID.146).

Aleva argues that the agreement is unambiguous and that the amount Aleva paid to Amazon, Inc. for its settlement with the injured plaintiff in *Thomas Schwabe, et al. v. Amazon.com, Inc. et al*. must be indemnified by GoFit. GoFit argues that the language is ambiguous and that it may not be liable, as there was no act or omission by GoFit resulting in injury. Aleva responds that because the plaintiffs in *Thomas Schwabe* were injured while using the product GoFit manufactured, the causation and requirement to indemnify lies with GoFit.

GoFit also says that it is not liable to indemnify Aleva because, according to the settlement agreement and the amended complaint, the *Thomas Schwabe* plaintiffs were only "allegedly" injured as a result of a product defect. (ECF No. 13, PageID.108). In support, GoFit cites *W. G. Wade Shows, Inc. v. Haman*, No. 299987, 2012 WL 669855 (Mich. Ct. App. Mar. 1, 2012), in which an indemnification clause was *not* triggered where the party seeking indemnification for costs was found not liable for a plaintiff's injuries in a civil matter. GoFit argues that the present situation is similar; because the settlement agreement

8

contains no finding of liability and the causation of injury is only alleged, GoFit is not liable to indemnify for the settlement amount.

Aleva argues that there is no exception to the indemnification agreement requiring proof of causation or injury. (ECF No. 14, PageID.201). It says that GoFit's product, not the sale of that product by Aleva, "caused the Underlying Lawsuit," therefore triggering indemnification. (*Id*., PageID.202).

The test at this stage is not whether GoFit is "likely to succeed on the merits." *$22,050.00 U.S. Currency*, 595 F.3d at 326. Rather, GoFit need merely present defenses that are "good at law." *Id*.; *see also Vanderlinden v. City of Warren*, No. 22-11060, 2023 WL 6528707, at *1 (E.D. Mich. Sept. 28, 2023) ("It is too early to determine whether Defendant Bell has meritorious defenses to Plaintiff's claims, but . . . [h]e is not without defenses"), *Bragg v. Cnty. of Wayne*, No. 13-10261, 2014 WL 2116848, at *2 (E.D. Mich. May 21, 2014) (the question of liability "is best resolved on the merits than in [a] default judgment"). GoFit has demonstrated meritorious defenses to Aleva's claim that weigh in favor of setting the default aside. Whether GoFit will succeed on its defenses is for another day.

### 3. Prejudice

Finally, the undersigned must consider whether and to what extent Aleva is prejudiced by GoFit's failure to answer the complaint. Aleva argues that it would be prejudiced by allowing GoFit to further stay its contractual obligation to

indemnify Aleva, causing financial harm in Aleva having less working capital to maintain its operations. (ECF No. 14, PageID.200-201). But "delay alone is insufficient to establish prejudice." *Vanderlinden*, 2023 WL 6528707, at *1 (citing *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.* 815 F.2d 391, 398 (6th Cir. 1987)). The minor delay here—approximately two months between GoFit's deadline and its motion to set aside default— does not cause cognizable prejudice to Aleva. Aleva views prejudice from the standpoint of losing their default judgment against GoFit, not how it has been prejudiced by GoFit's failure to answer or respond to the complaint by May 30, 2023. *See Vanderlinden*, 2023 WL 6528707, at *1 ("[T]his is the same position Plaintiff would have been in had [Defendant] responded timely and no default had been entered."); *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011) ("[I]t must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." (quoting *INVST Fin. Grp., Inc.*, 815 F.2d at 398 (6th Cir. 1987))).

Furthermore, the Sixth Circuit has characterized its "cases discussing motions to set aside default under Rule 55(c) [as] extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *$22,050.00 U.S. Currency*, 595 F.3d at 322.

10

Overall, under the circumstances described above, GoFit is entitled to have the default judgment set aside.

## V.  Conclusion

For the reasons stated above, the undersigned RECOMMENDS that GoFit's motion to set aside the Clerk's Entry of Default Judgment be GRANTED.

Dated: October 20, 2023  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 20, 2023.

                                              s/Carolyn Ciesla
                                              CAROLYN CIESLA
                                              Case Manager